**In re Richard Edmond BROWN and Carol Ann Brown, Debtors.**

**Bankruptcy No. 583–4.**

United States Bankruptcy Court, N.D. Ohio.

May 2, 1983.

Malcolm Obenour, Akron, Ohio, for debtors.

Jerome Holub, Akron, Ohio, trustee.

Edward D. Helvey, Columbus, Ohio, for Ohio Student Loan Com'n.

## FINDING SUSTAINING OBJECTION TO CONFIRMATION AND ORDER TO AMEND PLAN

H.F. WHITE, Bankruptcy Judge.

This case is before the Court on the Objection to Confirmation of Plan filed by the State of Ohio, Ohio Student Loan Commission (hereinafter "Commission") on February 18, 1983. This matter came on for hearing on March 31, 1983.

Debtors, Richard Edmond Brown and Carol Ann Brown, filed their Petition in Bankruptcy pursuant to Chapter 13 on January 3, 1983. The petition lists fourteen unsecured claims in the aggregate amount of $3,473.52. One of these creditors is Bank One of Akron, which is listed as holding a claim for a student loan debt in the amount of $1,851.36. It is, apparently, Bank One on whose behalf the Commission has interposed this objection as the Commission has not been scheduled as a creditor nor has the Commission filed a Proof of Claim herein.

Debtors' Plan proposes to pay all unsecured creditors the sum of twenty-five cents on the dollar. Such a proposal requires debtor, Richard Brown, to pay by payroll deduction the sum of $10.00 a pay period or $43.00 a month to the Trustee. After this deduction, and taking into consideration the amount needed monthly for debtors' budget, debtors will be left with the sum of $139.37 to spend as they see fit.

Prior to addressing the questions raised by the Commission, this Court first finds that the Plan as proposed is underfunded. Through the Plan, debtors must pay the sum of $2,654.31 in order to comply with its terms. This amount is the amount needed to pay the arrearages to the mortgage holder, Chemical Mortgage Company; attorney fees to Malcolm Obenour, debtors' attorney; a priority debt to the City of Barberton for city income taxes which must be paid one hundred percent; and twenty-five percent of all other unsecured debts scheduled or the amount of $848.18.

Debtors, however, have proposed to pay to the trustee the sum of $1,548.00 over a period of three years. Accordingly, their Plan is underfunded by approximately $1,100.00. No doubt, this occurred due to the fact that debtors did not schedule any mortgage arrearages as being owed to Chemical Mortgage Company. However,

said creditor did file a proof of claim with the court stating thereon that a mortgage arrearage in the amount of $1,106.99 was due. As debtors have failed to object to this proof of claim, the claim is allowed as filed. 11 U.S.C. Section 502(a).

■ In order for this Plan to be sufficiently funded, it would be necessary for debtors to pay to the trustee the sum of $74.00 a month for a period of three years. Debtors have sufficient monies remaining each month after their budget to pay this additional sum to the trustee. As such, the Court finds that the Plan should be amended so as to provide for proper funding or the Plan cannot be confirmed as filed.

Inasmuch as debtors have the ability to amend this Plan to provide for proper funding, the Court will address the Objection to Confirmation raised by the Commission. This Objection is based on several grounds. Initially, it is argued that the Plan has not been proposed in good faith. Secondly, the Commission argues that the Plan does not propose to pay as much as the creditors would receive through Chapter 7. Thirdly, it is stated that the Plan is not feasible as the debtors are incapable of complying with the terms of the Plan. The Ohio Student Loan Commission failed to substantiate this contention by evidence. Further, as the issue of good faith is dispositive of the objection, the Court will not discuss the latter two arguments.

11 U.S.C. Section 1325 sets forth the requirements which must be met in order for a Chapter 13 Plan to be confirmed by the Bankruptcy Court. In particular, the Court must find that "(3) the plan has been proposed in good faith and not by any means forbidden by law..."

With regard to the meaning of "good faith", it has been stated that:

The 'good faith' requirement is neither defined in the Bankruptcy Code nor discussed in the legislative history. The phrase should, therefore, be interpreted in light of the structure and general purpose of Chapter 13. Obviously the liberal provisions of the new Chapter 13 are subject to abuse, and courts must look closely at the debtor's conduct before confirming a Plan. *Memphis Bank and Trust Company v. Whitman,* 692 F.2d 427 (6th Cir. 1982).

The Ninth Circuit Court of Appeals, likewise noting the lack of definition or discussion in the legislative history regarding this term, held that the proper inquiry is "whether [the debtors] acted equitably in proposing their Chapter 13 plan." *In Re Goeb,* 675 F.2d 1386, 1390 (9th Cir.1982).

The Eighth Circuit in *In Re Estus,* 695 F.2d 311 (8th Cir.1982), enumerated several factors which may be used for guidance in determining whether or not good faith existed. Among the factors to be considered are the amount of the payments to be made and the amount, if any, of monies left over each month and whether or not the Plan seeks to discharge a debt which would be nondischargeable in a Chapter 7 case.

■ This Court finds that debtors engaged in inequitable conduct in proposing their Plan. The Plan provides for a very small monthly payment to the Trustee while it allows debtors to retain a large amount of money to be used by debtors in any manner they choose. The debtors themselves have provided for a monthly surplus of $139.37. In light of the deficiencies inherent in debtors' Plan, the monthly surplus is actually the sum of $108.37, still a rather large amount for debtors to retain for their own purposes.

This ratio of low payments to the Trustee and high surplus funds for the debtors must be viewed in light of the fact that this Plan proposes to discharge the sum of $1,851.36 in student loan debts. The student loan debt owed to Bank One comprises 53 percent of the unsecured debts scheduled. The next highest debt is owed to Wayne County Federal Credit Union in the amount of $886.22. All other debts are under $200.00 and the majority are under $100.00.

The budget under which debtors operate is reasonable, with the exception of the food allowance. Debtors indicate that they spend $150.00 a month on food for their family of four. Although this Court recog-

**362**

nizes that debtors may be in a better position to determine the amount necessary to feed their family, it nonetheless finds that the amount budgeted for food is low and that the sum of $200.00 a month would be more appropriate. This adjustment to the budget reduces the surplus to $58.37 a month.

Had the debtors proposed to pay $50.00 additional each month to the Trustee, they would be proposing a 70 percent payment to their unsecured creditors. Such a payment would be a substantial offering to the unsecured creditors. It would also leave debtors with $58.37 more than they deemed necessary for their monthly expenses. Further, it would also allow debtors to retain any salary increases received by debtor, Richard Brown, due to promotions or cost of living allowances.

The Court finds that, under the economic circumstances, the Plan, as proposed, does not provide for adequate payments to all creditors. To allow debtors to keep substantial surplus sums while paying a very small amount monthly to their creditors is not the type of economic conduct that Congress intended in enacting Chapter 13 relief. This is especially true where the largest unsecured debt sought to be discharged would be nondischargeable in Chapter 7.

Therefore, it is the conclusion of this Court that debtors' Chapter 13 Plan was not proposed in good faith. The Court further finds that the debtors should be given ten days to file an Amended Plan or this case will be dismissed.